In the

# United States Court of Appeals

### For the Seventh Circuit

No. 19-2530

GERALD PEETERS,

*Plaintiff-Appellant*,

*v.*

ANDREW M. SAUL, Commissioner
of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:18-cv-00738-WED — **William E. Duffin**, *Magistrate Judge.*

ARGUED JUNE 3, 2020 — DECIDED SEPTEMBER 15, 2020

Before SYKES, *Chief Judge,* and BAUER and ST. EVE, *Circuit Judges*.

BAUER, *Circuit Judge.* Gerald Peeters appeals the denial of his claim for disability insurance benefits. In 2016 and 2018, the Administrative Law Judge (ALJ) determined Peeters was not disabled under the relevant regulations. Peeters sought

relief in the district court, which reviewed the ALJ's opinion and found that the decision was supported by substantial evidence. Peeters contests the ALJ's weight and application of the opinions given by Dr. Sandra King and state agency psychologists. Because we find the ALJ's opinion was supported by substantial evidence, we affirm.

## I.  BACKGROUND

Gerald Peeters filed for disability benefits in 2013. He amended the onset date of his disability to 2014, which included degenerative disc disease in the lumbar spine, degenerative joint disease of the right shoulder, depressive disorder, post-traumatic stress disorder, generalized anxiety disorder, and learning disabilities. Peeters has not sustained gainful employment since 2014. After his application was denied, Peeters received a hearing. The ALJ denied Peeters disability benefits in 2016. The Appeals Council denied Peeters' request for review. Peeters sued and the district court approved the parties' joint stipulation to remand for further administrative proceedings.

On remand, the Appeals Council instructed the ALJ to reconsider Peeters' maximum residual functional capacity, obtain evidence and examples of jobs Peeters could perform from a vocational expert, provide a new hearing, and issue a new decision. At the second hearing in 2018, the ALJ issued a fifteen-page decision denying Peeters disability benefits because he failed to meet the severity requirements of 20 C.F.R. pt. 404 and 20 C.F.R. pt. 416. Peeters filed an action with the district court, which affirmed the ALJ's decision. On appeal, Peeters seeks remand for the partial or little weight given to

Dr. King's assessments and the great weight given to the six psychologists' assessments.

Dr. King first examined Peeters in 2014 and diagnosed him with major depressive disorder and generalized anxiety disorder. She gave him a global assessment functioning score of 65, which indicates mild symptoms. In 2016, Dr. King assessed Peeters again and increased his level of difficulty in dealing with routine work stress, adapting to changes, and being able to physically handle a job from moderate to severe without an explanation. Dr. King's diagnosis was the same in 2016 as in 2014 with only the addition of a "post-traumatic stress disorder" diagnosis.

Six state agency psychologists evaluated Peeters. Doctors Richard Waranch, Jack Spear, and Jan Jacobson found Peeters would have moderate limitations completing a normal workday and carrying out detailed instructions, but could handle simple two to three-step instructions. They found he could perform simple, routine, and repetitive work within these limitations. Doctors Jayant Desai, Syd Foster, and Marie Turner found Peeters capable of performing light work.

## II. DISCUSSION

"We review the district court's judgment *de novo*" and directly review the ALJ's decision. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). We consider whether the ALJ's decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Beistek v. Berryhill*, 139 S. Ct. 1148 (2019). The court's role is not to reweigh evidence, but to determine whether the ALJ built an "accurate and logical bridge" between the evidence and the conclusion. *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014).

The ALJ applies a five-step sequential evaluation in determining whether the claimant is disabled. The ALJ first considers whether the claimant had engaged in substantial gainful activity. Then the ALJ considers whether the claimant has a medically determinable impairment or combination of impairments that is "severe." A "severe" impairment significantly limits the claimant's ability to perform basic work activities. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). The ALJ determined Peeters met the first two steps.

However, the ALJ found Peeters does not have impairments severe enough to meet or medically equal the severity of one of the listed impairments for a required twelve-month period. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d), and 416.926. Based on the evidence presented, the ALJ concluded that Peeters could perform light work, limited to occasional climbing of ladders, ropes, scaffolds, ramps, or stairs; occasional stooping, crouching, kneeling, or crawling; and limited overhead reaching. While unable to perform past relevant work, Peeters could perform unskilled, simple, routine, repetitive work.

While Peeters claims the ALJ erred in the weight and application of Dr. King's two opinions, substantial evidence supports the ALJ's decision. The ALJ gave "great weight" to most of Dr. King's first opinion. However, Dr. King's statements regarding Peeters' ability to handle the physical demands of a job were outside of her area of expertise. Instead, the ALJ relied on testimony from the vocational expert, who identified jobs Peeters could perform.

The ALJ found Dr. King's substantially similar second opinion inconsistent with other evidence. In this second opinion, she increased Peeters' difficulty withstanding routine work stress and adapting to change from moderate to severe with no explanation. Doctors Waranch, Spear, and Jacobson all found Peeters was not significantly limited in most functional areas and had only "moderately limited" mental function regarding carrying out detailed instructions, completing a normal workday and workweek without interruptions from psychologically based symptoms or performing at a consistent pace without an unreasonable number and length of rest breaks, maintaining attention and concentration for extended periods, and interacting appropriately with the general public. No other experts found that Peeters' disability increased during that time frame. Dr. King's substantially similar second opinion, with the increased level of severity, was inconsistent with other evidence in the record and the ALJ properly gave her opinion partial weight.

Peeters also claims the ALJ erred regarding the weight of the state agency psychologists' opinions in both a hypothetical question and the residual functional capacity. Three state agency psychologists, Doctors Waranch, Spear, and Jacobson, all maintained Peeters would have moderate limitations in the work setting, but could perform simple, routine, and repetitive work within these limitations, such as simple two to three-step instructions. Furthermore, Doctors Desai, Foster, and Turner found Peeters capable of performing light work. The ALJ included the psychologists' stated limitations in a hypothetical posed to the vocational expert. The vocational expert testified that an individual with these limitations would be able to

perform certain jobs such as food preparation worker, mail clerk, and laundry worker. This list further included additional jobs for sedentary work. We find that the ALJ properly gave the state agency psychologists' opinions great weight because they were supported by substantial evidence in the record.

### III.  CONCLUSION

We AFFIRM the district court's decision to affirm the ALJ's decision to deny Peeters disability benefits.